Please call the first case. 16-06-009 Elliott vs. Gregory Reed. Good afternoon. For Mr. Reed, Manuela Hernandez from the Office of the State Appellate Defender. Good afternoon, Your Honors. Elliott Englander for the people of the State of Illinois. Thank you. It's recording. Yeah, it's not amplifying. Keep your voice up because it's a recording device, not a microphone that amplifies your voice. Okay. Thank you. And may it please the Court, Counsel. Again, my name is Manuela Hernandez from the Office of the State Appellate Defender and I am here appearing on behalf of Mr. Gregory Reed. I am going to ask to reserve five minutes for rebuttal. And I will be focusing my remarks today on Argument 2 of the opening brief. And, of course, I will answer any questions that the Court may have with respect to the other arguments. Now, the issue presented at Argument 2 is related to the case of Pieper v. Krankel and its progeny, which creates a process by which the trial court may adjudicate motions or claims of ineffective assistance of counsel at the trial level. Now, this process was triggered in this case by Mr. Reed's motion for ineffective assistance of counsel. However, this process was never followed by the trial court. The trial court never made any inquiry, never brought it up after the motion was filed, and it was brought to the attention of the trial court, and it was never adjudicated. Now, Krankel and its progeny creates a process that has two stages. The first stage involves an inquiry, which the Court, it's an informal type of inquiry. It's not a hearing. And the Court may ask the defendant, trial counsel, and also may consider its own observations of trial counsel during the entire trial proceedings. The Court at this stage may then inquire as to the factual basis for the claims of ineffective assistance of counsel. Counsel, can I ask you quickly, in this case where the counsel withdrew, was there any responsibility on the Court at that point in time to make any inquiry? I believe so, Your Honor, because Krankel requires, the process that has been established since Krankel requires that there be an inquiry because the Court has been, needs to determine whether there is an actual basis for these claims and then may appoint counsel to then adjourn for a Krankel hearing, which is an evidentiary hearing. But a new counsel did come in. It wasn't that counsel's responsibility to bring the issues forward then? Well, Your Honor, it is unclear from the record here whether or not counsel, the new counsel that came in and that was hired by Mr. Reed after his trial counsel withdrew, whether or not he was aware that a motion had been filed with respect to the ineffective assistance of counsel claims for his trial, of the previous trial attorney. Wait a minute. He did mention, he didn't argue it, but didn't he, wasn't there mention of ineffective assistance of counsel by the successor counsel? Yes, Your Honor. There was a bare allegation in the post-trial motion of ineffective assistance of counsel. But that bare allegation did not refer to the claims that were made by Mr. Reed in his initial motion for ineffective assistance of counsel. And I would submit, Your Honor, that what this really indicates is that counsel probably either was unaware that there had been a motion because he did not reference it or perhaps believed that the motion had been already adjudicated after an initial inquiry. Again, the trial court didn't do this initial inquiry, but also did not continue the case for a hearing. So is there any responsibility on the successor counsel to determine what motions have been ruled on, what motions are pending, what exactly where the case is in its procedural life? Is there any responsibility on the successor counsel to do that? I believe there is a responsibility, Your Honor, of successive counsel to look into the case. Given the fact that the trial had already occurred and Mr. Reed had already been convicted, at that stage counsel was probably looking into what had occurred during the trial to make a determination of what issues would be raised in a post-trial motion. Now, here, Your Honor, because of the informal nature of the crankle inquiry, it is unclear to me that counsel would have believed that there was anything further for counsel to do at that point when the court never continued the case for a crankle hearing. The court never told counsel that this case, that there was a motion pending that the court believed needed to be adjudicated. And so I think that given the record that we have, and because the court never asked counsel whether counsel knew what was going on with that motion, never asked him if he had spoken to Mr. Reed about it and whether Mr. Reed was willing to withdraw the motion at that point. You're not making an argument about ineffective of post-trial counsel, are you? That's correct. I am not making an argument with respect to the ineffectiveness of new counsel because I believe that given the record that we have, it is impossible for us to determine what counsel knew and what counsel believed was his responsibility with respect to the ineffective assistance of counsel claim. In fact, this bail allegation was possibly an attempt to preserve any issues that had been presented to the trial court to preserve them for appeal. Well, doesn't that reflect back on the trial court that if we can't hold post-trial counsel responsible or there's no allegation against post-trial counsel, why would the court have responsibility? Well, the court has the responsibility under crankle. Crankle says that the court must, must conduct an inquiry. The court has the responsibility to conduct an inquiry.  The court has the responsibility to conduct an inquiry whenever there's an allegation of ineffective assistance of counsel. And part of the reason, I mean, we have to consider the goals of crankle and the goals that, that the reasons why we need to have this inquiry and why we need to have this hearing. I understand procedurally what happened here. It sounds like the allegations were made. I mean, that's what the record suggests. New counsel came in, and the allegations are just kind of hanging there in limbo. So you're saying that successive counsel has no obligation to raise it, but the judge does? Is that your argument? My argument is not that successive counsel has no obligation to raise it. My argument is there is a process that is supposed to be followed by the trial court. So, yes, there is an obligation to the trial court to make this inquiry. And second, based on the process, which is a two-stage process, there's no reason for us to assume that counsel believed he was specifically appointed or that his function at that point was to represent Mr. Reed in what we would call a crankle hearing. Now, that is a very specific responsibility for counsel to have. But all of this, looking back at this, you know, you make it seem like it all happened in one day. I mean, the reality of how these things unfold is that periods of time may have elapsed between when the defendant made these allegations, new counsel was appointed, and the trial court then had another hearing. And so I'm concerned that you think that the trial judge should have the requirement and the memory to put all of this together, but the successor counsel doesn't. That doesn't – somehow that's like exalting form over substance as far as I can see. Well, Your Honor, and I believe, yes, there were several court dates that happened after the motion was filed. But because of that, because there could have been other court dates, the court should have made that initial inquiry at the time when the motion was filed. And in this case, as far as the filing of the motion, it was mailed in by the defendant, per se? No, Your Honor. The defendant had mailed the motion and it had been filed. But the way that the court was made aware of this motion was through trial counsel. Trial counsel came in on the date that the case had been scheduled for the post-trial motion and said, Your Honor, you know, there's been this motion that's been filed. I believe the defendant is raising my ineffectiveness. I believe that there should be a clinical hearing at this point, so I'm going to withdraw. I would also point out that the court, instead of having an inquiry at that point, allowed counsel to withdraw without even asking him about the underlying claims that were made in this motion. And I would also point this court to this court's decision in People v. Jocko. Now, that case was overturned by the Illinois Supreme Court on other grounds, which was that a clinical hearing should not occur in a pretrial motion. However, this court's concern in that case, in that case it's a little bit similar to here because there were different attorneys that were assigned after the defendant had made his motion for ineffective assistance of counsel. And somehow this motion got lost, the defendant's motion got lost in new attorneys, new court dates. And this court said that we should not allow the defendant's claims to fall through the cracks. And similarly here, it seems that, yes, perhaps the court forgot. The court may have forgotten that there had been a motion that had been filed, but that is not sufficient. What that means is that this case should be remanded to allow the court to conduct the hearing that it should have conducted in the first place. Your opponent argues that we should consider these issues now and argues that a lot of them were trial strategy, a lot of things that were complained of in the pro se motion. Do you think we should consider that now? No, Your Honor. And because the goal of Crankle, which is to create a record and to limit the issues on appeal by having all these issues explained and brought out, because we didn't have that, I think that this court is not in the position to evaluate the claims that Mr. Reed made in his motion. In fact, in Feeble v. Moore, the court was clear in saying that when the record is insufficient, has not been developed sufficiently to adjudicate the merits of the claims, the case should be remanded for that to happen, for the court to make its inquiry, and if there's need to be an evidentiary hearing, there should be one. So in Feeble v. Moore, the court said that when no record is made of defendants' claims of ineffective assistance of counsel, it is impossible, it is impossible to conclude that the trial court's failure to conduct any inquiry was harmless. So at this point, it is important for there to be a record, a record of these claims that Mr. Reed brought up to the trial court. Also, it is important here because at least one of the claims that he made is a claim where the issues are outside of the trial record. So they cannot be determined based on what was presented in trial. In particular, Mr. Reed claimed that there were some witnesses that were available to counsel that counsel never called. Now, we don't know exactly what these witnesses would have said. They could have been alibi witnesses or some sort of exculpatory evidence, and we just simply do not know that. So based on that, it is impossible to determine whether it was trial strategy not to call them. So we cannot make a determination based on that. So again, in this case, the process of Krenkel was triggered by the defendant's motion. There was no inquiry, which should have occurred, and there was no hearing. I think this is clear from the record that none of the information that was required for the court to make a determination was ever brought up. So this is why I'm asking for this court to remand the case for a Krenkel inquiry. Thank you, counsel. Thank you. A few minutes for rebuttal. Good afternoon, Your Honors. Again, for the record, my name is Elliot Inlander for the people of the State of Illinois. I anticipate my argument to take approximately 15 minutes. Counsel, may it please this court. Your Honors, the whole purpose of a Krenkel inquiry and a hearing is to decide whether a new counsel should be appointed. All I know is that if the defendant got new counsel and received the remedy, a Krenkel inquiry would have gotten him. Further, the adequacy of any new counsel's performance is beyond the scope of the Krenkel line of cases. The very, very narrow purpose of Krenkel is to decide only whether the new counsel should be appointed. Mr. Inlander. Yes, Your Honors. You're saying that at the point that new counsel came in, before that, when the prior counsel stepped before the court and made the allegation, made the remarks to the court that he was asking to be released from the case because he was thought to be ineffective by his client. Are you saying that there was no duty on the court's part at that time to inquire further as to what exactly these ineffective allegations were? Did the court have a duty to inquire at that point or not? Your Honor, the court may have had some responsibility to inquire as to exactly what the defendant may have claimed. And in this case, the trial court asked the defendant whether or not he wanted new counsel, whether he wanted — That's not what I'm talking about, Mr. Inlander. Did the trial court have a duty to ask that lawyer to explain what these ineffective assistance of counsel claims were? I mean, the court needed to know what they — if you say, oh, he was ineffective, well, what does that mean? Is it because he took too long to call you back on the phone or he was chewing gum? What? What exactly does it mean? And I'm asking, did the judge — or did the judge have a responsibility to inquire at that time? No, Your Honor, I don't think the trial court had a responsibility at that time. So when would the court have inquired? If and when new counsel came forward and presented any new amended motions for ineffective assistance of trial, which was — which is — which before that is the purpose of Crankle is to decide whether or not to appoint new counsel. Whatever new counsel does after that is beyond the scope of Crankle cases. So let me understand your argument. Counsel said, my client no longer wants me to represent him because I'm ineffective. The judge says, okay, you're released from the case. He goes away and a new one comes. The court has no obligation at any time to inquire as to what those allegations entail? Is that your argument? Your Honor, our argument is that when a trial counsel seeks to leave and the trial court asks the defendant whether or not he wants to get new counsel, any further questioning or inquiries are left to the new counsel to bring new motions, to bring new — to review the record as it was, to bring good faith claims and not baseless claims. Can you give me a case that says that that's the procedural route that ought to be followed in Crankle cases? Counsel, would you agree that it's important for the court to have an adequate record as to what takes place when a counsel makes these statements that my client no longer wants me, he says I'm ineffective, so I want out, let me out? At that juncture, shouldn't the court proceed via Crankle to make a record as to what these charges consisted of? What was the ineffectiveness? Your Honor, the record was made here that the defendant wanted a new lawyer and he got a new lawyer, and that is the purpose of Crankle, is to solely decide whether or not to appoint new independent counsel. The performance of independent counsel is not the subject for this court for this day. The purpose of Crankle is to decide only whether or not to appoint new counsel. After that point, Crankle and his progeny ceases to be relevant, and any issues with Crankle counsel's performance or new counsel's performance is measured under Strickland and the 6th Amendment right to counsel. Okay, you understand what you're suggesting, however, would be carving in an exception to the Moore case? Your Honor, there would be no exception to the Moore case because where the Moore case says that the record had to be made and had to be cleared, in this case, the record was made and was clear that the trial counsel wished to, well, the defendant wished to have new counsel, the trial counsel wished to withdraw, the court let him withdraw, then some time passed, new private counsel was obtained, and on the record, new counsel was put onto the record, therefore, the record is clear that Crankle was satisfied, that new independent counsel was obtained. So there's no exception to Moore because here the record was made that new counsel was obtained just as Crankle intends it to be. Does the record get satisfied by simply the appointment of new counsel without any information or inquiry being exchanged from counsel to the court as to what constituted the claims of ineffectiveness? I mean, do you make a record simply by appointing new counsel? Is that the requirement? Moore would say yes, that the record would be that making the record for new counsel was satisfied. Crankle would also say that getting new independent counsel satisfies its purpose. Whatever claims the new counsel or the Crankle counsel wishes to bring forth to the court is measured under its own performance, not through Crankle, but through the Sixth Amendment and under Strickland. Counsel, what about that motion that was filed by the defendant? That was never ruled on. The new motion? No, the original motion. He filed a written motion, did he not? Yes. Right, and that was never ruled on by the court. Well, the court, you're right, Your Honor, it wasn't ruled on. At that time, the court took a recess once the defendant said, I want new counsel, and the trial court said, okay, we'll give you time to get new counsel. Then some time passed. The defendant gets new counsel. They come back. The new counsel writes a new amended motion for a new trial, which includes the ineffective assistance of trial counsel. And then at that point, the trial court denies that motion. Well, let's get into that, the new motion that was filed then. I know you don't want to talk about it, but I do. Okay. Because that didn't include a number of the claims the defendant made in his own motion. No, it didn't. I believe it just read ineffective assistance of counsel. Right. And wasn't one of the defendant's allegations that his counsel fell asleep during the trial? That was one of the claims. However, as the record shows, and per the trial court's memory, there's no evidence to support that claim. The trial court's memory? Yeah, go ahead. How do you know that that's per the trial court's memory? Where does it say that? Well, I know, in the record, does the court say defense counsel, wake up, you're asleep? I know, but you just stated that per the trial court's memory. I don't think the record supports what you just said. So I would encourage you to stick to the facts as they are in the record before us, because that's what we're looking at. And there's nothing that I see that said the trial court did what you're suggesting. That just didn't happen. The trial court did not respond to that motion in any way? No, Your Honor. It took a recess so that defendant could acquire new counsel or be appointed to public defense. Okay, but I'm saying the judge did nothing with that motion. Correct. It's still pending. Correct. All right, thank you. I want to ask you the same question I asked your opponent. Yes. Procedurally, how this happens is now, in retrospect, we're talking about it, so it seems like one fluid motion. This happened. Counsel came forward. He said this. The court did that. It didn't happen like that. In the real world, the counsel asked to be released from the case. The case, the judge ruled it's okay. He released him. Time passed. A new counsel came by. I have to assume that the court also has other things going on. And I'll ask you the same question that I asked your opponent. Does the new counsel have some obligation to remind the judge that there is a motion pending that's never been ruled on when the prior counsel was still in the case? Is there any obligation on new counsel to do that? Your Honor, I think that question, with all due respect, I think that question is still beyond the scope of what the argument is for. I get to ask you the questions. And even if you don't like the questions, I get to ask them. So you may not want to answer it, but that's my question. So I would respectfully ask you to respond to it. Yes, Your Honor. Your Honor, I would say that the new counsel has an ethical obligation to represent, to competently represent their client. The defendant is not entitled to perfect representation, only competent representation. And any issue with new counsel should be brought under Strickland and the Sixth Amendment right to counsel, not under Krenkel. Because as we've established, Krenkel's purpose is only to decide whether or not to appoint independent counsel. And whether or not new counsel wishes to remind the court about any pending motions, that is an entirely different matter about new counsel's performance, which is not before this Court on this day. That's what you say. That's not what your opponent says. Go ahead. You might be seeing counsel. Yes, Your Honor. The very, to say it again, the very, very moral purpose of Krenkel is to decide whether or not to appoint independent counsel. And here, that is exactly what happened. As this Court, as you've said before, the defendant wishes, said, I want new counsel. The new counsel said, okay, I'm going to withdraw. The trial court said, okay, you can leave. The defendant has the option to get new counsel or let the public defender take his case. Time passes. He gets new independent counsel to represent himself. Therefore, at that particular moment, at that time, Krenkel has been satisfied. And at that initial hearing, when the defendant says, I want new counsel, that in and of itself, not exactly by the book, but in and of itself is a Krenkel inquiry because the trial court said, do you want, the trial court said, do you not want your lawyer to represent you anymore? And the defendant said, yes. So therefore, the defendant was allowed to get new independent counsel. He got new independent counsel. Any point after that, the responsibility of new motions, any issues about any issues during post-trial motions and such, rests solely on the shoulders of Krenkel counsel, not on the shoulders of trial counsel because he's been released. And here, Krenkel's purpose is to establish whether or not to appoint new independent counsel. And here, the record shows that defendant got new counsel. Let me ask you about the procedure again, as we, as I asked you before, because there's a procedural problem here. When the defendant, the defendant's pre-Krenkel counsel, for purposes of this hypothetical, when the first initial counsel stepped before the court and said, my client doesn't want me to represent him any longer because he thinks I've been ineffective. At that point, did the court have an obligation to inquire as to what exactly this ineffectiveness was? Did the court have an obligation at that time before he ruled on whether or not, he was going to release this counsel from his representation obligation? Did the court have an obligation to inquire at that point in time? Your Honor, the answer to that question is that the trial court has its own discretion to ask those questions. The trial court can ask, it can have a brief discussion between itself and the defendant.  Your Honor, did the trial court have a discussion about any of these allegations at that point? No, there was no discussion. The only discussion was whether or not the defendant wanted to get new independent counsel or let the public defender represent him. And after that, if the court wanted to read, to come back to those issues, that would be the responsibility of Krenkel counsel. You're not answering my question, Mr. Engler. And I don't know why, but my question is very specific and very narrow, and I'll repeat it for you. And that is, at the point in time when counsel asked to be released because of the allegations of ineffectiveness, did the trial court have an obligation to inquire as to what was meant by those allegations? At that particular point in time. Not sometime later, not after other counsel was appointed, but at that particular point in time. Did the court have an obligation to inquire, yes or no? In my opinion, Your Honor, I think the trial court may have had an obligation to further ask about the ineffective assistance of trial counsel claims. But if the trial counsel wanted to withdraw and the court wanted to take some time so that defendant could have competent representation. Let me ask you a follow-up question then. I think we agreed that the court may have had an obligation to inquire at that time. Does the court get relieved of that obligation at some point in time? And if so, when would that relief come? I don't think that there would be relief because the court can re-evaluate the claims if and when new trial, if and when new counsel brings those claims. And if the new trial, if the Pope will call it Crankle Counsel, if Crankle Counsel fails to bring those claims, then that is the responsibility of Crankle Counsel and its performance, which is not within the realm of Crankle and its progeny. Does the court have any other questions? No. Thank you, counsel. Mr. Hernandez, brief rebuttal, please. Emphasis on brief. Thank you, your honors. Thank you, your honor, briefly. State claims that the purpose of Crankle is for new counsel to be appointed. And the state is wrong when it says that. The goal of Crankle pursuing is to facilitate the trial court's full consideration of the defendant's claims of ineffective assistance of counsel and to create a record to potentially limit the issues on appeal. The appointment of counsel, of new counsel, independent counsel, is an element of that process, but it is not the goal of that process. The goal was not satisfied in this case just by the fact that Mr. Reed hired a new attorney because he was left without an attorney. Is that based on case law, the argument you just made? Yes, your honor. As a matter of fact, People v. Jolly states very clearly what the goals of a Crankle proceeding, what the goals are in a Crankle proceeding. I believe that it would be paragraph 29. It says, as this Court has repeatedly recognized, the goal of any Crankle proceeding is to facilitate the trial court's full consideration of the defendant's pro se claims of ineffective assistance of trial counsel and thereby potentially limit the issues on appeal. That did not occur in this case. The appointment of counsel in a Crankle proceeding is very specific, specifically geared towards the second stage of the Crankle hearing, which is an evidentiary hearing. And given that new counsel in this case was not specifically appointed to represent Mr. Reed in this particular hearing, this stage of the Crankle proceeding, I don't think that we can necessarily evaluate his performance. Moreover, it is not for appointed counsel to decide whether the claims have merit or lack merit. In fact, if counsel is appointed to represent a defendant in a Crankle hearing, counsel can only withdraw if the claims are frivolous and not because he determined that they had no merit. And this is — Well, but your honor, I mean, this case is not about second counsel. Well, that's correct. But all I'm trying to say is that we're discussing whether it was new counsel's responsibility at some point to remind the court of the motion at the stage in which new counsel came into the case. Wouldn't that have been nice, though? New counsel said to the judge, and don't forget, there's an original motion on file here. Courts are very busy. It was hard to remember from month to month where there was or was not a pro se motion filed at. So that counsel never reminded the court, guess what? Judge, there's a pro se motion that was filed March of 15, whatever it was. It would have been nice, your honor. But it would also have been a fulfillment of its obligation for the court to have inquired and created a record and if the court believed that the claims had any basis for the court to continue the case for a hearing. Do you think an argument could be made this man already had a second stage Crankle hearing? No, your honor, because in a second stage Crankle hearing, there's an evidentiary process by which witnesses would have been called. In this particular case, for example, the witnesses that he claims would have come in to discuss whatever testimony they would have given during the trial. Your honor talked a little bit about counsel falling asleep. Perhaps trial counsel would have been called to testify by the state about whether or not he had fallen asleep or maybe the court could have said, you know what? I didn't see him sleeping. After the evidentiary hearing, if the judge found that there was ineffective assistance of counsel, what would happen? After the evidentiary hearing? Well, according to People v. Crankle, the court could have had a new trial, ordered a new trial. If the court had determined that, in fact, there was ineffective assistance of counsel. Would the court, sui sponte, appoint another counsel to check or review whether or not the second counsel was ineffective? You mean if a third, if a second ineffective assistance of counsel motion happened? Yeah. Because that lawyer did not bring forward to the court the fact that there was a motion already filed by the defendant, did not incorporate the defendant's arguments in his motion. Well, I think that's why we ask you, counsel, because here, standing, looking at the record, looking back through the, you know, the distance of time, it's easy to make the argument like these things all happened in succession and that we know that that is not the case. Procedurally, there are gaps, and what happens in these procedural gaps, the case, the court has many other cases, and so when new counsel comes in, that's why I was asking, isn't it new counsel's responsibility to make sure that he understands exactly what the procedural posture is of the case that he's taking over and bring that to the attention of the court? Or is it the court's, your argument is that it's the court's responsibility to ferret this out in every case and figure out which motions are pending and then rule on them. And in the real world, you know that that's not how it works. Well, I, again, I would like to point to this Court's decision in People v. Jocko, which is a similar situation, excuse me, as what Your Honor is describing, which is, you know, here we have different court dates, different attorneys, and in that particular case, the court had actually continued the case for a hearing on the defendant's claims for ineffective assistance of counsel. But as Your Honor points out, you know, these things get forgotten and, you know, it happens. But what was decided in that case was that we cannot allow to, we cannot allow the defendant's claims of ineffective assistance of counsel to simply fall through the cracks. And I think that that is what happened in this case, as Your Honor points out. So thank you so much for your attention. Thank you very much. Thank both of you for a good argument. The case will be taken under advisement. Could we call the next case?